# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| JOSHUA MINNITI, ) | |
| ) | |
| Plaintiff, ) | |
| ) | 14 C 1925 |
| v. ) | |
| ) | |
| SHANEL BARNETT, MICHAEL ) | Judge Jorge L. Alonso |
| LEMKE, DORRETTA O'BRIEN, ) | |
| ROYCE BROWN-REED, CYNTHIA ) | |
| GARCIA, and SALEH OBAISI, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff sues defendants pursuant to 42 U.S.C. § 1983 for their alleged violations of his Eighth Amendment rights. The case is before the Court on defendants' Federal Rule of Civil Procedure 12(b)(6) motions to dismiss the amended complaint. For the reasons set forth below, the Court grants the motion of defendants Garcia and Obaisi and grants in part and denies in part the motion of defendants Barnett, Lemke, O'Brien, and Brown-Reed.

## Facts

Plaintiff is an inmate in the Illinois Department of Corrections' ("IDOC's") Stateville facility. (Am. Compl. ¶ 4.) At all times relevant to the complaint, defendant Lemke was the Warden of Stateville, defendant O'Brien was an Assistant Warden of Stateville, defendant Barnett was a Corrections Medical Technician ("CMT") employed by Stateville, defendant Brown-Reed was a Health Care Unit Administrator employed by Stateville, and defendants Garcia and Obaisi were a Director of Nursing and a physician, respectively, who worked at Stateville but were employed by non-party Wexford Health Sources, Inc. (*Id.* ¶¶ 5-10.)

On June 12, 2013, in the middle of the night, plaintiff became ill from what was later determined to be Salmonella. (*Id.* ¶¶ 11-13.) The next morning, plaintiff described his symptoms, fever, nausea, vomiting, stomach cramps, diarrhea, to Barnett and told her that he was unable to eat or drink anything. (*Id.* ¶ 14.) Barnett did not prescribe any medication for plaintiff or recommend that he be seen by a doctor. (*Id.* ¶ 15.) She simply told him to drink water and that "he would be 'okay' in a couple of days." (*Id.*)

Plaintiff's symptoms persisted throughout the day. (*Id.* ¶ 16.) "Concerned about defendant Barnett's dismissive response to his extreme symptoms, Plaintiff . . . wrote and sent letters to defendants Warden Lemke, Assistant Warden O'Brien, Cynthia Garcia, Royce Brown-Reed and Dr. Obaisi . . . ask[ing] that he immediately be sent to the medical unit." (*Id.*) He received no response to these letters. (*Id.*)

Plaintiff continued to be violently ill the following day, June 13, 2013, but received no medical attention at all. (*Id.* ¶ 17.)

Plaintiff was still ill on the morning of June 14, 2013, and though a guard called for a CMT to examine plaintiff, none appeared. (*Id.* ¶ 18.) Late in the morning, after plaintiff asked for help from a nurse dispensing medication on his unit, he was taken to the medical unit. (*Id.* ¶ 19.) Barnett, who was working at the medical unit, told plaintiff he was faking illness, until he showed her a piece of bloody toilet paper, at which point she called a doctor to examine him. (*Id.* ¶ 20.) The doctor prescribed two medications to plaintiff to alleviate his symptoms. (*Id.* ¶ 21.) After receiving the medications, plaintiff's condition started to improve. (*Id.* ¶ 22.)

On June 17, 2013, plaintiff learned he had Salmonella and was placed in quarantine for the next nine days. (*Id.* ¶ 23.)

**Discussion**

On a Rule 12(b)(6) motion to dismiss, the Court accepts as true all well-pleaded factual allegations of the complaint, drawing all reasonable inferences in plaintiff's favor. *Hecker v. Deere & Co.*, 556 F.3d 575, 580 (7th Cir. 2009). "[A] complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations" but must contain "enough facts to state a claim for relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

To state viable Eighth Amendment claims, plaintiff must allege that each defendant was deliberately indifferent to his objectively serious medical need. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). "An objectively serious medical need is one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Wynn v. Southward*, 251 F.3d 588, 593 (7th Cir. 2001) (per curiam) (quotations omitted). A defendant acted with deliberate indifference if "[he] was subjectively aware of the prisoner's serious medical needs and disregarded an excessive risk that a lack of treatment posed to the prisoner's health or safety." *Id.* Defendants do not take issue with plaintiff's allegations as to the objective seriousness of his medical condition but contend that his allegations of deliberate indifference fall short.

Though it is a close call, the Court disagrees. Plaintiff alleges that he told Barnett on the morning of June 12, 2013 that he had been violently ill all night and was unable to eat or drink anything, yet she did not give him any medication, refer him to doctor, or even return to check on him at any time during the next forty-eight hours. Moreover, when a nurse sent plaintiff to the medical unit on June 14, 2013, Barnett accused him of faking his illness and referred him to a doctor only after plaintiff showed her a piece of bloody toilet paper. In the two days between his first complaint to Barnett and his receipt of symptom-alleviating medication from a doctor, plaintiff alleges that he

3

"suffered extreme and unabated discomfort, pain, and suffering." (Am. Compl. ¶ 26.) These allegations are sufficient to state a claim of deliberate indifference against Barnett. *See Smith v. Knox Cnty. Jail*, 666 F.3d 1037, 1040 (7th Cir. 2012) ("Even a few days' delay in addressing a severely painful but readily treatable condition suffices to state a claim of deliberate indifference.").

Plaintiff's claim against the remaining defendants, Lemke, O'Brien, Brown-Reed, Obaisi and Garcia, is grounded in his allegation that he wrote a letter to them about his condition, to which none of them responded. Defendants contend that allegation is insufficient, citing *Johnson v. Snyder*, 444 F.3d 579 (7th Cir. 2006), *overruled on other grounds by Hill v. Tangherlini*, 724 F.3d 965, 967 n.1 (7th Cir. 2013) as support. The plaintiff in *Johnson*, an amputee, alleged that the Director of IDOC was deliberately indifferent to his need for a stable chair to use while showering. *Id.* at 583. The trial court granted summary judgment to the Director because the only evidence of his involvement in the contested conduct was Johnson's statement that he sent the Director a letter about the situation. *Id.* at 584. The Seventh Circuit affirmed:

> The fact that Johnson sent a letter or letters to Director Snyder is insufficient to create a genuine issue of material fact regarding defendant Snyder. *See Vance*, 97 F.3d at 993 (in addition to alleging correspondence with a prison official, a "plaintiff still has the burden of demonstrating that the communication, in its content and manner of transmission, gave the prison official sufficient notice to alert him or her to 'an excessive risk to inmate health or safety.'" (citing *Farmer v. Brennan*, 511 U.S. 825, 837, 114 S. Ct. 1970, 128 L. Ed. 2d 811 (1994))). Critically, there is no evidence that Snyder actually read Johnson's communications or had any subjective awareness of Johnson's condition. . . . Thus, Johnson has not shown that Snyder personally facilitated, approved, condoned, or turned a blind eye to Johnson's situation. *Id.* Summary judgment for Snyder was therefore warranted.

*Id.*

Unlike the *Johnson* court, this Court is evaluating allegations, not evidence. However, the inquiry is the same: Do plaintiff's allegations support the inference that the letter he sent to Lemke, O'Brien, Brown-Reed, Garcia, and Obaisi "in its content and manner of transmission, gave [them]

4

sufficient notice to alert [them] to an excessive risk to [his] health or safety"? *Vance v. Peters*, 97 F.3d 987, 993 (7th Cir. 1996) (quotation omitted). The answer is no. Plaintiff alleges that he sent a letter to these defendants, by unspecified means, saying that he believed he had something other than a stomach virus, two days before he received medical care. (Am. Compl. ¶ 16.) These allegations are insufficient to suggest that defendants even received the letter, let alone concluded from it that plaintiff was seriously ill, before he received the medical care he requested. Accordingly, the Court grants Lemke, O'Brien, Brown-Reed, Garcia, and Obaisi's motions to dismiss the claims asserted against them.

## Conclusion

For the reasons set forth above, the Court grants the motion of defendants Garcia and Obaisi [46] and grants the remaining defendants' motion [37-1] as to the claims asserted against Lemke, O'Brien, and Brown-Reed and denies it as to the claim asserted against Barnett. Plaintiff has fourteen days from the date of this Memorandum Opinion and Order to amend his complaint to state viable claims against Lemke, O'Brien, Brown-Reed, Garcia and Obaisi. If he fails to do so, the Court will dismiss those claims with prejudice. The claim against defendant Barnett stands.

**SO ORDERED.**          **ENTERED: July 9, 2015**

_____
**HON. JORGE L. ALONSO**
**United States District Judge**